# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION CINCINNATI

ANTON JEVON ALEXANDER,

    Petitioner,

vs.

USA,

    Respondent.

Case 1:12-cr-00049-MRB-1

Judge Michael R Barrett

## ORDER

This matter is before the Court on Defendant Petitioner's Motion to Correct Sentence under 28 U.S.C. § 2255 (Doc. 123), and the government's Motion to Dismiss § 2255 petition (Doc. 134).

## I.    BACKGROUND

The grand jury for the Southern District of Ohio returned a two-count superseding indictment against Anton Alexander in June 2012. (Doc. 29). Count One charged him with attempted armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d). Count Two charged him with using, carrying, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Alexander pled guilty to both counts in October 2012. This Court sentenced Alexander to 60 months in prison on Count One and a consecutive 120-month term on Count Two. (Doc. 77). Alexander did not appeal.

In August 2016, Alexander filed a Motion to Correct Sentence under 28 U.S.C. § 2255. (Doc. 123). By way of background, two months earlier the United States Supreme Court had deemed the "residual clause" of the Armed Career Criminal Act to

be unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015). Post-*Johnson*, Alexander filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that, under *Johnson*, the residual clause of 18 U.S.C. § 924(c)(3)(B) is also unconstitutionally vague. (Doc. 123). Alexander's counsel then filed a supplement to that motion, in which counsel additionally argued that, in light of *Johnson* and *Mathis v. United States*, 136 S. Ct. 2243 (2016), the sentence on Alexander's Section 2113 conviction is also invalid. (Doc. 130). Alexander argues that his sentences on both counts should be overturned, and that he should resentenced.

The government filed a motion to dismiss (Doc. 134), arguing that the following, controlling authority from the Sixth Circuit forecloses both of Alexander's arguments: (1) *United States v. Taylor*, 814 F.3d 340, 379 (6th Cir. 2016); and (2) *United States v. McBride*, 826 F.3d 293, 295-296 (6th Cir. 2016). Alexander filed through counsel an opposition to the government's motion to dismiss. (Doc. 135).

In September 2018, Petitioner's counsel filed a notice of supplemental authority suggesting that the Sixth Circuit appeared poised to revisit *Taylor* in light of *Sessions v. Dimaya*, 138 S. Ct. 1204, 200 L. Ed. 2d 549 (2018). (Doc. 144) (identifying *United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018) as the case to monitor). However, the Sixth Circuit has since denied rehearing *en banc* in *Camp*. Furthermore, on January 8, 2019, the Supreme Court denied the *Camp* petition for writ of certiorari.

**II.    ANALYSIS**

The government persuasively argues that, under *Taylor* and *McBride*, *Johnson* has no effect on Petitioner's Section 924(c) or Section 2113 convictions.

First, *Taylor* makes clear that *Johnson* does not invalidate Section 924(c)(3)(B). 814 F.3d at 379. Despite the opportunity to revisit *Taylor* in *Camp*, both the Sixth Circuit and the Supreme Court have declined to do so. Accordingly, Alexander's Section 924(c) conviction is unaffected by *Johnson*.

Second, the Court is not persuaded by Alexander's argument that *Johnson* or any of its progeny invalidates his sentence under 18 U.S.C. §§ 2113(a) and (d), because the residual clause of Section 2113 was never implicated in the underlying criminal case. In *McBride*, the Sixth Circuit held that "[b]ank robbery by 'force and violence' plainly involves 'the use, attempted use, or threatened use of physical force.'" 826 F.3d at 295-296. Likewise, bank robbery by intimidation involves the threat to use force. *Id.* at 296. Thus, bank robbery by force, violence, or intimidation falls under the physical force clause, not the residual clause. Furthermore, the Supreme Court's holding in *Mathis* does not alter the Sixth Circuit's *McBride* analysis. *See In re McComb*, 691 F. App'x 819, 820 (6th Cir. 2016); *In re Clinton*, No. 18-5446, 2018 U.S. App. LEXIS 30079, at *4 (6th Cir. Oct. 24, 2018). Because the residual clause was never implicated in Alexander's underlying criminal case, Alexander's Section 2113 conviction is also unaffected by *Johnson*.

Ultimately, the "right" Petitioner asserts has neither been recognized by the Supreme Court nor made retroactive to cases on collateral review. As such, 18 U.S.C. § 2255(f)(3) is inapplicable, rendering Alexander's § 2255 motion untimely, as it was filed in excess of one year from his 2013 judgment.

### III. CONCLUSION

Therefore, consistent with the above, the Motion to Vacate (Doc. 123) is **DENIED**, and the government's Motion to Dismiss (Doc. 134) is **GRANTED**. Because reasonable jurists would not disagree with the Court's conclusion, and Petitioner has not made a showing of a substantial denial of a constitutional right, he is denied a certificate of appealability. As any appeal would be objectively frivolous, Petitioner shall not be granted leave to appeal *in forma pauperis*. Case No. 1:16-CV-00669 is **CLOSED AND TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

*s/Michael R. Barrett*
HON. MICHAEL R BARRETT
UNITED STATES DISTRICT JUDGE